UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA SURATOS LORICA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 26-cv-00712-AMO

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 3

Before the Court is Defendant the United States's motion to dismiss Petitioner Cynthia Suratos Lorica's motion to vacate her conviction. Having read the parties' papers and carefully considered their arguments therein, as well as the relevant legal authority, the Court **GRANTS** the United States's motion to dismiss.

Lorica was charged in June 2012 with one count of bank fraud and one count of tax evasion. Information as to Cynthia Lorica, *United States v. Lorica*, No. 12-cr-488 (N.D. Cal. Feb. 27, 2013). On July 17, 2012, Lorica pleaded guilty to both charged counts pursuant to a plea agreement. Plea Agreement, *United States v. Lorica*, No. 12-cr-488 (N.D. Cal. Feb. 27, 2013). The Court sentenced Lorica to eighteen months in prison and three years of supervised release on each count, with the sentences to run concurrently. Judgment at 2, 5, *United States v. Lorica*, No. 12-cr-488 (N.D. Cal. Feb. 27, 2013). Lorica was released from the Federal Bureau of Prisons Custody on August 15, 2014, and began serving her three-year term of supervised release. Dkt. No. 3 at 7. Lorica's supervised release term ended on August 14, 2017. Dkt. No. 3-1 ¶¶ 3, 4; Dkt. No. 3-2.

On January 22, 2026, Lorica filed a motion to vacate, set aside, or correct her conviction pursuant to Title 28 U.S.C. Section 2255, arguing that her counsel was ineffective because she did

not adequately explain the immigration consequences of pleading guilty. Motion to Vacate, *United States v. Lorica*, No. 12-cr-488 (N.D. Cal. Feb. 27, 2013). The Court subsequently opened the above-captioned civil case. On March 5, 2026, the Government filed a motion to dismiss. Dkt. No. 3. On March 26, 2026, Lorica filed an opposition to the motion to dismiss, Dkt. No. 4, and the Government's reply followed on April 9, 2026, Dkt. No. 5. The United States argues (1) the Court lacks jurisdiction because Lorica is no longer in custody and (2) Lorica's motion is untimely. The Court reaches only the first argument as it is dispositive.

In order for a court to have subject matter jurisdiction over a motion to vacate pursuant to Title 28 U.S.C. Section 2255, the petitioner must be in custody at the time the motion was filed. *United States v. Reves*, 774 F.3d 562, 565 (9th Cir. 2014) (dismissing for lack of jurisdiction where petitioner was not in custody at time of filing § 2255 motion, "because th[e] issue [wa]s jurisdictional"). In order to be considered in custody, petitioner must be either incarcerated or on supervised release or probation. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (petitioner must be in custody, which can include federal parole, under the conviction or sentence under attack at the time his petition is filed); *Reves*, 774 F.3d at 565 (dismissing petitioner's Section 2255 motion filed one day after petitioner's probation ended, because petitioner was no longer in custody at time of filing).

Where "the sentence imposed for a conviction has completely expired," the person is no longer "in custody" for purposes of a habeas petition, even where they continue to suffer collateral consequences from that conviction. *Maleng*, 490 U.S. at 492. Outstanding obligations to pay restitution constitute such collateral consequences and do not render a person in custody for habeas purposes. *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) ("In general, courts hold that the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement") (collecting cases).

In Lorica's motion to vacate her conviction, she states that she "is under supervised release which constitutes custody for habeas purposes." Motion to Vacate, *United States v. Lorica*, No. 12-cr-488 (N.D. Cal. Feb. 27, 2013). But Lorica was not on supervised release when she filed her motion as her "term of supervision terminated on August 14, 2017." Dkt. No. 3-2 at 2. Lorica's

opposition offers nothing to contradict this fact, nor does it offer any legal basis for the Court to conclude it has subject matter jurisdiction over her petition. *See generally* Dkt. No. 4. Accordingly, the Court must dismiss this action without prejudice. *Reves*, 774 F.3d at 565. The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED.**

Dated: April 29, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**